UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                        )
                                        )
UNITED STATES OF AMERICA                )
                                        )
v.                                      )          No. 21-CR-10256
                                        )
KINGSLEY R. CHIN,                       )
ADITYA HUMAD, and                       )
SPINEFRONTEIR, INC.,                    )
          Defendants                    )
                                        )
_____ )

## JASON MONTONE'S MOTION TO INTERVENE AND NOTICE OF INTENTION TO ASSERT PRIVILEGE

Now comes Movant Jason Montone, by and through undersigned counsel, and moves to intervene in the above-captioned case for purposes of providing notice of his intent to assert attorney-client privilege regarding the contents of his communications with counsel.

As grounds and reasons therefor, Dr. Montone states that he consensually provided his phone to the government, with such consent explicitly limited to not include communications with his identified criminal defense attorneys. *See* Dkt. 110, Exhibit 1. The defendants in this case have moved to compel the government "to search the entirety of the contents of [Dr.] Montone's . . . phone for discoverable information." Dkt. 107 at 1. In direct contravention of the consent provided by Dr. Montone to the government, the defense motion specifically seeks Dr. Montone's communications with his attorneys. *See* Dkt. 107 at 9-10.

The First Circuit has held that "[c]olorable claims of attorney-client and work product privilege qualify as sufficient interests to ground intervention as of right." *In re Grand Jury*

*Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001).  This Court permitted intervention to assert privilege in the primary case relied upon by defendants in their motion to compel.  *See United States v. Gibson*, No. 15-CR-10323, 2016 WL 3566198, at *2 (D. Mass. June 24, 2016).

While the government has opposed the motion to compel, defendants argue that the government cannot "avoid its" supposed discovery "obligations by invoking another's (i.e., Montone's) potential privilege." Dkt. 107 at 8.  Accordingly, Dr. Montone respectfully submits this notice of his intent to assert attorney-client privilege over the communications at issue.

### **COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

Undersigned counsel conferred with counsel for the government and defendants regarding this Motion.

Respectfully Submitted,
JASON MONTONE
By His Attorneys,

**/s/ James R. Hobbs**
James R. Hobbs
*Pro hac vice application pending*
Wyrsch Hobbs & Mirakian, P.C.
One Kansas City Place
1200 Main St., Suite 2110
Kansas City, MO 64105
816-221-0080
jrhobbs@whmlaw.net

**/s/ William H. Connolly**
William H. Connolly
Mass. Bar No. 634501
20 Park Plaza, Suite 1000
Boston, MA 02116
617-542-0200

**/s/ Michael Pabian**

Michael Pabian, Esq.
Mass. Bar No. 684589
20 Park Plaza, Suite 1000
Boston, MA 02116
617-227-3700
pablianlaw38@gmail.com

Dated: September 11, 2023

## **CERTIFICATE OF SERVICE**

I, Michael Pabian, hereby certify that on this date, September 11, 2023, a copy of the foregoing document has been served via Electronic Court Filing system on all registered participants.

**/s/ Michael Pabian**
Michael Pabian, Esq.