UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> v. ) <br> ) <br> KINGSLEY R. CHIN, ) <br> ADITYA HUMAD, and ) <br> SPINEFRONTIER, INC., ) <br> ) <br> Defendants. ) <br> ) | Criminal No. 1:21-cr-10256-IT |

**DEFENDANTS' EMERGENCY MOTION FOR CLARIFICATION CONCERNING ORDER ON DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Defendants Kingsley R. Chin, Aditya Humad, and SpineFrontier, Inc. respectfully submit this emergency motion for clarification concerning the Court's October 13, 2023 Order on Defendants' Motion to Compel Discovery (ECF No. 126.)

Defendants seek clarification on two discrete issues concerning the Court's October 13 Order. They submit this motion on an emergency basis because (1) they understand the Court is currently reviewing *in camera* materials over which Dr. Montone claims a privilege, and the request for clarification may impact the scope of that review; and (2) defendants have limited time to assess whether to object to any portion of the Order (*see* Rule 2(b) of the Rules for United States Magistrates Judges in the United States District Court for the District of Massachusetts).

1. ***The Scope of the Court's In Camera Review***

With respect to Dr. Montone's claim of privilege, the Court has directed him to provide to the Court for *in camera* inspection those items that he provided to the government over which he claims a privilege. Of the 58 items that the government identified following the hearing on defendants' motion, Dr. Montone's counsel has reported that Dr. Montone is waiving any

privilege with respect to all but 14 items. Defendants understand that those 14 items have been delivered to the Court for *in camera* inspection, and the government has agreed by email to produce the remaining items (which can be made promptly available to the Court if it would help place the 14 items in context during the *in camera* review).

As set forth in defendants' motion papers, defendants have provided argument and authority to the effect that constitutional rights afforded criminal defendants can require the production of even privileged materials. (*See* ECF No. 107, at 9; ECF No. 113, at 8-11.) Confrontation Clause rights, for example, can trump attorney-client privilege, particularly where materials are in the government's possession, as the Court has found the messages at issue here to be. Neither the government nor Dr. Montone offered any argument contrary to the defendants' position in that regard.

The October 13 Order did not expressly address the determination of whether Dr. Montone's particular claims of privilege here are overridden by the defendants' constitutional rights. Defendants thus respectfully seek clarification that the Court, when conducting its *in camera* review, will review the materials for both privilege and, if it finds any of the documents to be privileged, whether they are material to the defense such that the privilege should give way to the defendants' constitutional rights.

2. *Internal Government Communications*

The October 13 Order denied the defendants' motion to compel with respect to the government's joint criminal and civil investigations. Among its reasons for doing so was the following observation:

> Where civil and criminal investigations are joint, as they were here, the government has a duty to review the documents arising from "those joint efforts to determine whether there is *Brady* material that must be disclosed." … The government has acknowledged its duty here to review both the criminal and civil

> case materials for discoverable evidence. (#110 at 13.) Concerning the scope of its search, as the government stated at oral argument, the government's review for Brady materials included "*the files* of attorneys, of staff, of law enforcement agents, or anybody else who worked on the civil aspects of the joint investigation or criminal aspects of the joint investigation." (#124 at 45.) The court understands this to mean that *the government has reviewed all emails and other communications between the civil and criminal teams*, including attorneys and investigators, to look for discoverable information, which of course includes any *Brady* material, including but not limited to promises to witnesses.

(ECF No. 126, at 11 (emphases added).) As defendants noted in their reply, in response to the government making that same representation in its opposition, it is unclear whether reviewing "the files" of government attorneys, staff, and agents already included reviewing "emails and other communications" among such persons. (*See* ECF No. 113, at 17.) As the Court noted in the Order, the government repeated at oral argument the representation as to "the files," but again did not expressly include "emails and other communications" among government attorneys, staff, and agents in its representation.

The Order makes clear that the Court's understanding is that the government has in fact included such internal communications in its review for *Brady* material, and that its understanding on that point was among the reasons for denial of the motion. Defendants respectfully suggest, however, that the record is unclear in that regard. Defendants thus request clarification that the Order requires the government to include such communications in its review for *Brady* material, by requiring the government either to confirm that it has done so or to review such communications and then confirm that it has done so.

## Conclusion

Based on the foregoing, the defendants respectfully request that the Court clarify its October 13 Order in the two respects discussed herein.

3

Respectfully submitted,

/s/ Joshua L. Solomon
Barry S. Pollack (BBO #642064)
Joshua L. Solomon (BBO #657761)
POLLACK SOLOMON DUFFY LLP
31 St. James Avenue, Suite 940
Boston, MA 02116
(617) 439-9800
bpollack@psdfirm.com
jsolomon@psdfirm.com

/s/ Daniel N. Marx
Daniel N. Marx (BBO #674523)
William W. Fick (BBO #650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA  02110
(857) 321-8360
dmarx@fickmarx.com
wfick@fickmarx.com

## Certificate of Service

The undersigned certifies that this document, filed through the ECF system, will be electronically served on counsel who are registered users of ECF on October 18, 2023.

/s/ Joshua L. Solomon