UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|  | ) | |
|  | ) | |
| v. | ) | Criminal No. 1:21-cr-10256-IT |
|  | ) | |
| KINGSLEY R. CHIN, | ) | |
| ADITYA HUMAD, and | ) | |
| SPINEFRONTIER, INC., | ) | |
|  | ) | |
| Defendants | ) | |

## GOVERNMENT'S MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Local Rules 7.2 and 106.1(b), the Government requests leave to file under seal a redacted version of its Opposition and accompanying exhibits to Defendants' Motion to Dismiss Counts One Through Seven (Dkt. No. 149) ("Defendant's Motion"). The Government proposes (i) publicly filing a slightly redacted version of its opposition that redacts three paragraphs and portions of four footnotes within its twenty-page brief, (ii) filing under seal nine exhibits that concern grand jury proceedings (out of a total seventeen exhibits cited in the Opposition), and (iii) serving on Defendants and the Court the unredacted Opposition and all exhibits to that opposition. Defendants oppose the Government's motion.

Local Rule 106.1 states:

> **Sealing of Documents**. All subpoenas, motions, pleadings, and other documents filed with the clerk concerning or contesting grand jury proceedings ***shall be sealed and impounded unless otherwise ordered by the court based upon a showing of particularized need***. Impoundment under this rule shall not preclude necessary service of papers on opposing parties or their counsel nor prohibit the clerk from providing copies of papers to the party or counsel filing same.

D. Mass. L.R. 106.1 (emphasis added).

"The proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 218 (1979). Federal Rule of Criminal Procedure 6(e) codifies this expectation of secrecy. Fed. R. Crim. P. 6(e). The grand jury secrecy rule protects the reputations of individuals who are subjects of grand jury proceedings, but who are never indicted. *See United States v. Sells Engineering, Inc.,* 463 U.S. 418, 424 (1983). Individuals who testify or are mentioned in grand jury testimony may be subjects of a grand jury investigation, may be called to provide background information and context, or may be questioned because they have knowledge of the possible illegal conduct of others. The rule of secrecy exists, among other reasons, to protect unindicted individuals from anxiety and embarrassment that could result from disclosure of their identities or their testimony. These considerations hold true even after the conclusion of a particular grand jury's investigation. *See Illinois v. Abbott & Assocs., Inc.*, 460 U.S. 557, 567 n.11 (1983) ("Even after the conclusion of a particular grand jury's investigation, continued secrecy protects the reputations of the innocent and safeguards witnesses from possible retaliation. In addition, stringent protection of the secrecy of completed grand jury investigations may be necessary to encourage persons to testify fully and freely before future grand juries. More generally, grand jury secrecy has traditionally been invoked to justify the limited procedural safeguards available to witnesses and persons under investigation." (citing *Douglas Oil Co.*, 441 U.S. at 222)).

As grounds for its motion to seal, the Government notes that Defendants' Motion makes what the Government believes are unfounded allegations of prosecutorial misconduct—specifically that the Government misled the Grand Jury by omitting exculpatory information. Defendants have not met their burden of showing misconduct and, therefore, the Government's position is that its Opposition should not require citation to Grand Jury testimony and exhibits.

2

In an abundance of caution, however, the Government's Opposition judiciously points to several excerpts of Grand Jury testimony and several Grand Jury exhibits to address Defendants' claims. This minimal sealing will not prejudice the Defendants in any way because the Government went beyond what was required by the *Jencks*-Act and the local discovery rules and produced to Defendants Grand Jury transcripts and exhibits over two years ago. Defendants also will receive unredacted versions of the Opposition and any sealed exhibits.

To comply with Local Rule 106.1 and Rule 6(e)[1] and to protect the interests described in the cases cited above, including the interests of witnesses who provided testimony before the Grand Jury, the Government requests that the Court allow the Government's request to redact and seal those few portions of its brief "concerning . . . grand jury proceedings."

                                                  Respectfully submitted,

                                                  UNITED STATES OF AMERICA,

                                                  By its attorney,

                                                  JOSHUA S. LEVY
                                                  Acting United States Attorney

                                                  */s/ Abraham R. George*
                                                  PATRICK M. CALLAHAN
                                                  ABRAHAM R. GEORGE
                                                  CHRISTOPHER R. LOONEY
                                                  Assistant U.S. Attorneys
                                                  1 Courthouse Way
                                                  John Joseph Moakley U.S. Courthouse
                                                  Boston, MA 02210
                                                  (617) 748-3100

---

[1] Defendants notably disregarded Rule 6(e) when they publicly filed grand jury materials on the public docket without the Court's permission. Dkt. 151-5; 151-6.

**LOCAL RULE 7.1 CERTIFICATION**

      The undersigned certifies that counsel for the Government and Defendants conferred in good faith by email concerning this motion and were unable to resolve the issues discussed herein.

                                                   */s/ Abraham R. George*
                                                   Abraham R. George

Dated:  February 16, 2024